# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACK V. JOHNSON,

        Plaintiff,        Case No. 03-C-967

    v.

MATTHEW J. FRANK, DAVID BURNETT,
SHARON ZUNKER, GEORGE M. DALEY,
JAMES LaBELLE, SHARI HEINZ,
JAMES R. WONG, KERIM R. SIRIN,
GARY BRIDGWATER, ENRIQUE LUY,
UNKNOWN EMPLOYEES OF WDOC,
ADMINISTRATOR OF UNIVERSITY
WISCONSIN HOSPITALS & CLINICS,
MICHAEL LUCEY, DAVID MAHVI and
PATRICE KENNEDY,

        Defendants.

## OPINION AND ORDER

        Jack Johnson, who was a prisoner in state custody at the time this case was filed, is suing a hospital administrator and thirteen other individuals for deliberate indifference to his serious medical needs while he was in prison in violation of his rights under the Eighth Amendment to the United States Constitution. Johnson is seeking relief pursuant to 42 U.S.C. § 1983. The Defendants have answered and have denied liability.

        After the deadline for the completion of all discovery passed, the hospital administrator moved to dismiss or for summary judgment. See Federal Rules of Civil Procedure 12(b)(6) & 56. The administrator is identified as Donna Sollenberger,

President and Chief Executive Officer of the University of Wisconsin Hospitals and Clinics Authority. She is being sued in her individual capacity. The Defendant argues that the claims against her should be dismissed because there is no "*respondeat superior*" liability under Section 1983.

When a court is faced with a motion to dismiss for failure to state a claim upon which relief can be granted, the Seventh Circuit has instructed that:

> Whether a complaint sufficiently states a claim turns on whether it meets the general rules of pleading a claim for relief. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." This "short and plain statement" requires a plaintiff to allege no more than "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (citing *Beanstalk Group, Inc. v. AM Gen Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." *DeWalt*, 224 F.3d at 612 (citing *Strasburger*, 143 F.3d at 359). Furthermore, "[a] complaint should be dismissed for failure to state a claim only if no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id*. (internal quotations omitted). Indeed, "if it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Sanville v. McCaughtry*, 366 F.3d 724, 732 (7th Cir. 2001) (quoting *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir. 1999)).

Brown v. Budz, 398 F.3d 904, 908-09 (7th Cir. 2005).

In order to state a claim under Section 1983, a plaintiff must establish state action. See Lugar v. Edmondson Oil Company, 457 U.S. 922, 937 (1983); Brown,

2

398 F.3d at 908. The University of Wisconsin Hospitals and Clinics Authority is a private corporation. It is not an arm of the State of Wisconsin. See generally Takle v. University of Wisconsin Hospital and Clinics Authority, 402 F.3d 768 (7th Cir. 2005). Yet, most of the Hospital employees are deemed state employees. See Id. at 771. The record does not disclose whether Sollenberger is an employee of the state. The Plaintiff argues that there is state action because the administrator acted pursuant to contracts with the State of Wisconsin to provide health care to prisoners. See generally West v. Atkins, 487 U.S. 42 (1988). The administrator has not challenged this contention

  While the administrator characterizes Johnson's claims against her as claims invoking *respondeat superior* liability, the Seventh Circuit has recognized an independent duty that hospital administrators owe to prisoners. Therefore, hospital administrators have been held liable for Eighth Amendment violations for failing to fulfill duties other than supervisory duties. See e.g., King v. Cooke, 26 F.3d 720 (7th Cir. 1994), cert. denied, 514 U.S. 1023 (1995) ; Duncan v. Duckworth, 644 F.2d 653 (7th Cir. 1981).

  On the basis of the present record, it is possible to hypothesize a set of facts that would entitle the Plaintiff to relief. Therefore, the court will not dismiss or convert the motion to one for summary judgment.

  For these reasons, the court ORDERS that the "Administrator of University Wisconsin Hospital & Clinics' Motion to Dismiss or for Summary Judgment" (filed December 4, 2005) IS DENIED.

3

Case 2:03-cv-00967-TJC   Filed 04/25/05   Page 3 of 4   Document 279

IT IS FURTHER ORDERED that the administrator may serve and file a properly supported motion for summary judgment within thirty days of the date of this order.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 25th day of April 2005.

s/Thomas J. Curran
Thomas J. Curran
United States District Judge