# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACK VINCENT JOHNSON,

        Plaintiff,        Case No. 03-C-967

   v.

MATTHEW J. FRANK, DAVID BURNETT,
SHARON ZUNKER, GEORGE M. DALEY,
JAMES LABELLE, SHERI HEINZ,
JAMES R. WONG, KERIN F. SIRIN,
GARY BRIDGEWATER, ENRIQUE LUY,
UNKNOWN EMPLOYEES OF WDOC,
ADMINISTRATOR OF UNIVERSITY
WISCONSIN HOSPITALS & CLINICS,
MICHAEL LUCEY, DAVID MAHVI and
PATRICE KENNEDY,

        Defendants.

## OPINION AND ORDER

Jack Vincent Johnson, who was in state custody when he filed this action, is suing Donna Sollenberger, whom he identifies, incorrectly, as the Administrator of the Wisconsin Hospitals & Clinics. The Defendant points out that her correct title is "President and Chief Executive Officer of the University of Wisconsin Hospitals and Clinics Authority." Johnson claims that Sollenberger was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He is seeking monetary damages pursuant to 42 U.S.C. § 1983. His most recent Amended Complaint (the Third Amended Complaint) specifies that Sollenberger is being sued in her individual capacity.

The Defendant has answered and denied liability.  After the deadline for the close of all discovery, the Defendant moved for summary judgment on the grounds that no material facts are in dispute and that she is entitled to judgment as a matter of law.  See Federal Rule of Civil Procedure 56(c). The movant has warned the Plaintiff of the consequences of failing to respond to her motion for summary judgment with affidavits.  See Glaus v. Anderson, 408 F.3d 382, 389 (7th Cir. 2005); Lewis v. Faulkner, 689 F.2d 100, 102  (7th Cir.. 1982).

While he was incarcerated in Wisconsin, Johnson was treated at the Wisconsin Hospitals & Clinics for a hernia, kidney stones, gallstones, and chronic Hepatitis C.  He believes that the treatment he received was so inadequate that his constitutional rights were violated.  He claims that prison doctors canceled, ignored, or changed medications and treatment recommended by specialists.  It is undisputed that Defendant Donna Sollenberger was the Chief Executive Officer of the Wisconsin Hospitals & Clinics during all times relevant to Johnson's Complaint.  Johnson charges that she failed to supervise the doctors at the hospital, failed to create a system of checks and balances, and implemented a policy that caused his injuries.

Faced with a properly supported motion for summary judgment, a Plaintiff cannot rest on his pleadings, but must respond with affidavits or other papers setting forth specific facts showing that there is a genuine issue for trial.  See Federal Rule of Civil Procedure 56(c).  The primary purpose of summary judgment is to isolate and dispose of factually unsupported claims.  The evidence must create more that "'some metaphysical doubt as to the materials facts.'" Johnson v. University of Wisconsin-Eau Claire, 70 F.3d 469, 477 (7th Cir. 1995) (quoting Matsushita Electric Industrial

2

Company v. Zenith Radio Corporation, 475 U.S. 574, 586 (1986)). A mere scintilla of evidence in support of the nonmovant's position is insufficient. See Anderson v, Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). A party will be successful in opposing summary judgment only when he presents definite, competent evidence to rebut the motion. See EEOC v. Sears, Roebuck & Company, 233 F.3d 432, 437 (7th Cir. 2000).

In this case, the Defendant has moved for summary judgment on the ground that the Plaintiff has made no allegation and produced no evidence that she was personally involved in his medical care or that she had specific knowledge of his care or condition.

Section 1983 does not allow actions against individuals merely for their supervisory roles. See Zimmerman v. Tribble, 226 F.3d 568, 574 (7th Cir. 2000). Individual liability under 42 U.S.C. § 1983 can only be based upon a finding that the defendant caused the deprivation at issue. See Kelly v. Municipal Courts or Marion County, 97 F.3d 902, 909 (7th Cir. 1996). Thus, Section 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim. See Zentmyer v. Kendall County, 220 F.3d 805, 811 (7th Cir. 2000). Although direct participation is not necessary, there must be at least a showing that the Defendant acquiesced in some demonstrable way in the alleged constitutional violation. See Kelly, 97 F.3d at 909.

There is nothing in the five exhibits Johnson has submitted in response to the summary judgment motion which would tend to substantiate that Sollenberger was personally involved in any aspect of his medical case. He merely speculates in his brief that Sollenberger "must have known" about his condition. No affidavit or other

3

evidence supports this conjecture. Johnson's attempt to raise an unconstitutional policy claim is immaterial because Sollenberger is being explicitly sued in her individual capacity. See Hill v. Shelander, 924 F.2d 1370, 1372-74 (7th Cir. 1991). Therefore, because Johnson has failed to show that there is a genuine issue of material fact requiring a trial on an essential element of his claims against Sollenberger, the court will grant the Defendant's motion.

## ORDER

Accordingly, the court ORDERS that the "Defendant Donna Sollenberger's Motion for Summary Judgment" (filed May 25, 2005) IS GRANTED. See Federal Rule of Civil Procedure 56(c).

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 1st day of August, 2005.

    s/ Thomas J. Curran
    Thomas J. Curran
    United States District Judge